| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for GMAT Legal title Trust 2013-1,U.S.Bank National Association, as Legal Title Trustee | Order Filed on June 25, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Kimberley A. Giovanni,<br><br>Debtor. | Case No.:  18-16711 KCF<br>Adv. No.:<br>Hearing Date:  6/13/18 @10:00 a.m.<br>Judge:  Kathryn C. Ferguson |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: June 25, 2018**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

Page 2
Debtor:       Kimberley A. Giovanni
Case No.:     18-16711 KCF
Caption:      **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, GMAT Legal title Trust 2013-1,U.S.Bank National Association, as Legal Title Trustee, holder of a mortgage on real property located at 187 Walnut Creek Lane, Toms River, NJ, 08753, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Daniel E. Straffi, Esquire, attorney for Debtor, Kimberley A. Giovanni, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by July 19, 2018, or as extended by an order extending loss mitigation or a modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor shall make post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the Court's loss mitigation order; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall make disbursements on Secured Creditor's proof of claim while Debtor is seeking a loan modification per the terms of Debtor's plan.

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation negotiations are unsuccessful, Debtor shall modify the plan to surrender, cure and maintain, sell, refinance, or otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to pre- or post-petition arrears in the event loss mitigation is unsuccessful;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved